■ In the Matter of CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF WAPPINGER, POUGHKEEPSIE, FISHKILL, EAST FISHKILL AND LA GRANGE, DUTCHESS COUNTY; KENT AND PHILLIPSTOWN, PUTNAM COUNTY, Respondent, v. WAPPINGERS CENTRAL SCHOOL FACULTY ASSOCIATION, INC., Appellant, et al., Respondent.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Dutchess County, dated February 10, 1972, which granted the application. Order reversed, on the law, with $20 costs and disbursements, proceeding dismissed and arbitration directed to proceed. The petitioner school district entered into a collective bargaining agreement with its faculty association for the period July 1, 1970 to June 30, 1972. The contract included, inter alia, provisions that contractual disputes were to be resolved according to a grievance procedure culminating in arbitration. However, on April 12, 1971 the Legislature enacted the Laws of 1971 (ch. 124, § 1), adding section 82 to the Civil Service Law, a moratorium on sabbatical leaves for one year, effective immediately. Subdivision 3 of this new section provides that the section "shall not be construed so as to impair any contractual right to a leave of absence or sabbatical leave of absence where such contractual right was in existence and enforceable prior to the effective date of this section." The district declined to grant sabbatical leaves, deeming them to be unlawful, in reliance upon this new statute. Special Term agreed and granted the application for a stay. In our opinion, this fact pattern falls squarely within the pur-

view of *Matter of Associated Teachers of Huntington* v. *Board of Educ., Union Free School Dist. No. 3, Town of Huntington* (33 N Y 2d 229), in which the Court of Appeals held that there was an existing and enforceable right to sabbatical leaves on the effective date of the moratorium statute. The district's attempts to differentiate this situation are without substance and the enactment of the new statute did not preclude the submission of this controversy to arbitration, since there was a contractual right to sabbatical leaves, which was a proper subject of arbitration, and therefore permitted under the new statute. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.